## CLARK, Plaintiff-Appellee, v. QUALITY FINANCE, INC., Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2365.   Decided May 3, 1956.

Arthur T. Eaton, Dayton, for plaintiff-appellee.

Russell L. Carter, Mason Douglass, Dayton, for defendant-appellant.

(DEEDS and CONN, JJ, of the Sixth District District, sitting by designation in the Second District.)

## OPINION

By DEEDS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Montgomery County in the sum of $5,000.00, entered following the verdict of a jury in the sum of $20,000.00, after the consent to a remittitur by the plaintiff in the amount of $15,000.00.

The cause is before this Court for review on a transcript of the record of the proceedings in the Court of Common Pleas, a bill of exceptions, and the oral arguments and briefs of counsel for the parties respectively.

The action by the plaintiff was for damages for alleged malicious prosecution, and the case was tried on the amended petition of the plaintiff, the amended answer of the defendant, and the reply of the plaintiff to the amended answer.

The defendant-appellant has presented its assignment of errors as follows:

(1) That the trial court erred in not directing a verdict for the defendant at the close of plaintiff's evidence.

(2) That the trial court erred in not directing a verdict for the defendant at the close of all the evidence.

(3) The verdict of the jury was against the manifest weight of the evidence.

(4) The verdict of the jury was influenced by passion and prejudice, resulting in a verdict and the award of excessive damages.

(5) The verdict of the jury was contrary to law.

(6) The Court erred in not granting defendant's Motion for a New Trial upon the grounds assigned in said Motion, as exemplified by the Record of:

(a) Misconduct of the jury in concealing prejudicial facts on voir dire, by which plaintiff was denied due process in derogation of its substantial rights to a fair and impartial jury.

(b) Passion and prejudice created by unfortunate and improper remarks in behalf of the plaintiff.

(c) Other errors appearing of record.

Plaintiff alleges in his amended petition that the defendant, by its agent, preferred a criminal charge against the plaintiff, by charging plaintiff falsely in a sworn affidavit that plaintiff had by false representations and pretenses obtained possession of a certain sum of money, to-wit: $620.00, with the intent to steal said money and fraudulently cheat defendant and to unlawfully convert said money to plaintiff's own use, thereby causing the arrest of plaintiff, and also the indictment of plaintiff by the Grand Jury of Montgomery County, and that said indictment was nollied in the Court of Common Pleas.

Plaintiff alleged further that he was confined to jail and suffered loss and damage to his reputation, credit and business, and plaintiff prayed for a judgment against defendant in the sum of $25,000.00.

The pertinent part of the amended answer of the defendant is as follows:

"Further answering, this defendant admits that Paul B. Harris, Jr., its manager and authorized agent, did execute an Affidavit last year averring that the plaintiff unlawfully obtained $620.00 from the Quality Finance, Inc., by false and fraudulent representation well knowing the said representations to be false with the intent there and then the aforesaid property to steal, take and carry away and convert to his use.

"Further answering, the defendant alleges and says that on the 3rd day of June, 1953, the plaintiff stated that he, while doing business as the Direct Television and Appliance Company at 607 Wayne Avenue, Dayton, Ohio, had delivered and installed 1 - 3/4 Servel Air Conditioner RAC-937M 1604932 and 1 - 3/4 Servel Air Conditioner RAC-93-1-M 1689880 to the Funeral Home of C. W. Dickens, 1025 W. 5th Street, Dayton, Ohio, and that this defendant's manager and agent, while acting for and on behalf of it and within the scope of its employment, relied upon said statement of the plaintiff and delivered to the plaintiff the check of this defendant in the amount of $620.00 in exchange for and an assignment of a certain promissory note payable to the plaintiff's business, The Direct Television and Appliance Company by the said C. W. Dickens, when in truth and in fact, no such air conditioning equipment had been delivered and installed at 1025 W. 5th Street, Dayton, Ohio by the said plaintiff or his company. That several attempts were made between the 3rd day of June, 1953 and the 12th day of June, 1953 by the defendant

through its said manager and agent to contact the plaintiff to have the plaintiff to install said equipment or return to it the $620.00, but the plaintiff couldn't be found in the city of Dayton, Ohio, at times and/or the plaintiff's place of business was closed on weekdays, thus the defendant used all reasonable means and diligence in the premises.

"The defendant further answering says that after the indictment of the plaintiff by the Grand Jury of Montgomery County, Ohio, April Term, 1953, the same was nollied, only as a result of a compromise or settlement of and between the parties herein.

"Further answering the defendant herein avers and says that its agent submitted the complete facts and circumstances related above and many more relative to the plaintiff's actions and statements, impartially, fully and freely, in good faith, to a respectable attorney at law and an assistant prosecuting attorney of Montgomery County, Ohio, both before and after he signed the said Affidavit against the plaintiff on June 12, 1953, who advised the defendant's agent that the facts constituted sufficient cause for the arrest of the plaintiff, and that the defendant's agent at all times before signing said Affidavit and until the indictment was nollied on the 8th day of September, 1953, received said advise and honestly relied on same and that as a result of said advise believed he had a cause of action against the plaintiff sufficient to warrant his signing said Affidavit and to show that the plaintiff was guilty of the crimes the plaintiff was indicted for.

"Further answering, the defendant denies that it falsely and maliciously, without reasonable or probable cause, caused the plaintiff to be arrested, and denies that the prosecution is terminated or resulted in favor of plaintiff."

The plaintiff in his reply denied the affirmative allegations of defendant's amended answer which were inconsistent with the allegations of plaintiff's amended petition.

The facts pertinent to a consideration of this appeal are that plaintiff was engaged in the television and general appliance business, including air conditioning units, and that defendant is a small loan corporation engaged in the buying and discounting of notes and commercial paper secured by chattel mortgages. It appears further from the evidence in the record that plaintiff made arrangements with the defendant for the discounting of notes and mortgages to the defendant, secured from buyers of appliances. It appears further that on or about June 3rd, 1953, one of plaintiff's agents sold two air conditioning units to a customer, from which customer plaintiff received a note secured by chattel mortgage in the amount of $761.04, which note and mortgage plaintiff by his agent sold and discounted to defendant, receiving therefor from the defendant a check in the sum of $620.00, and same was deposited in plaintiff's bank and converted to the use of the plaintiff. It further appears from the evidence that plaintiff did not own or convey the air conditioners described and purported to be conveyed and described in the chattel mortgage securing the note, to the purchaser, but did notwithstanding his failure to deliver the conditioners to the purchaser, sell and discount the note and mortgage to the defendant.

It also appears from the evidence in the record that plaintiff had not had the air conditioners in his possession at any time, nor did he at any time deliver any property or air conditioners to the purported purchaser of same, although the purchaser had executed the notes and mortgages from which plaintiff received the sum of money paid him by defendant as described above.

It further appears from the evidence that agents of defendant attempted to contact and communicate with the plaintiff but were unable to reach or gain any information from plaintiff and that thereafter, with the advice of counsel, defendant caused the arrest of the plaintiff which subsequently resulted in his indictment by the Grand Jury and the indictment thereafter being nollied as alleged in defendant's amended answer.

The jury, following a trial, returned a verdict in favor of the plaintiff and against the defendant in the sum of $20,000.00, which verdict was signed by nine jurors.

Defendant filed its motion for a new trial, and also its motion for judgment notwithstanding the verdict.

In passing upon plaintiff's motion for a new trial the trial court made a determination in part as follows:

"This cause came on to be heard on the motion of the defendant for a new trial and the Court being fully advised in the premises and on due consideration thereof, does hereby order a remittitur of Fifteen Thousand ($15,000.00) Dollars, reducing the verdict of the jury from Twenty Thousand ($20,000.00) Dollars to Five Thousand ($5,000.00) Dollars, and if plaintiff accepts said remittitur of Fifteen Thousand ($15,000.00) Dollars, the motion for a new trial will be overruled, otherwise a new trial will be ordered.

"Further, this cause came on to be heard on the application for re-hearing, filed by the plaintiff herein, requesting the Court to modify its decision on defendant's motion for a new trial and the Court on consideration thereof, does hereby overrule said application, to which plaintiff excepts.

"Defendant's motion for judgment notwithstanding the verdict is hereby overruled."

Following which order and the written consent of the plaintiff to such remittitur, the Court of Common Pleas ordered and entered judgment as follows:

"It appearing to the Court that the plaintiff herein has consented to a remittitur of the verdict in the above entitled case heretofore returned by the jury, in excess of Five Thousand ($5,000.00) Dollars, the Court does hereby overrule defendant's motion for a new trial and does hereby grant plaintiff judgment against the defendant, Quality Finance, Inc., in the sum of Five Thousand ($5,000.00) Dollars and costs."

It is the unanimous conclusion of this Court that the verdict of the jury was manifestly against the weight of the evidence and that the judgment in the sum of $5,000.00 entered following plaintiff's consent to a remittitur in the amount of $15,000.00 should be reversed. We find defendant's remaining assignments of error not well taken, and same are overruled.

Judgment of the Court of Common Pleas is reversed and the cause is remanded for a new trial.

HORNBECK, PJ, CONN, J, concur.